UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 1:11-CV-349 |
| | ) | |
| FORT WAYNE POLICE DEPARTMENT, et al., | ) ) | |
| | ) | |
|     Defendants. | ) | |

## **OPINION AND ORDER**

Before the Court in this action advancing various civil rights claims under 42 U.S.C. § 1983 is *pro se* Plaintiff's "Request for a 'Status Hearing' and, or, an Emergency Joint Conference," which appears to be a motion to preserve evidence or a motion to compel. (Docket # 44.) In the motion, Plaintiff conclusorily asserts that Defendants have been noncompliant in producing discovery and "are in possession of vital/crucial evidence which they are withholding" and that if the Court does not "interfere or confiscate the evidence . . . it will vanish."

"Preservation orders are burdensome and expensive and in the absence of a clear need should not be lightly entered." *Valdez v. Town of Brookhaven*, No. CV 05-4323(JS)(ARL), 2007 WL 1988792, at *2 (E.D.N.Y. July 5, 2007) (citation omitted). Here, Plaintiff has not produced any evidence that suggests Defendants have not complied or do not intend to comply with their duty to preserve evidence, and therefore the entry of a preservation order is not warranted. *See, e.g., id*. (denying plaintiff's request that the court direct defense counsel to send out a litigation hold notice to defendant's employees where plaintiff's basis for the request was simply a comment by defense counsel that defendant had "a history of terrible record keeping"); *see*

*generally Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433 (W.D. Pa. 2004) ("[W]here the need expressed by the moving party for a preservation order is based upon an indefinite or unspecified possibility of the loss or destruction of evidence, rather than a specific significant, imminent threat of loss, a preservation order usually will not be justified.").

And, to the extent Plaintiff's motion requests that the Court compel Defendants to produce discovery responses, Plaintiff never identifies with any particularity what information he seeks. Consequently, the Court is unable to definitively discern which of Defendants' discovery responses Plaintiff thinks are inadequate. *See, e.g.*, *Morris v. Ley*, No. 05 C-0458, 2006 WL 2585029, at *2 (E.D. Wis. Sep. 7, 2006) (denying *pro se* plaintiff's motion to compel because it was "nearly impossible to ascertain which documents the plaintiff seeks to have produced").

Consequently, Plaintiff's "Request for a 'Status Hearing' and, or, an Emergency Joint Conference" (Docket # 44), which the Court deems to be a motion to preserve evidence or a motion to compel, is DENIED without prejudice.

SO ORDERED.

Enter for this 16th day of April, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge